LAU LAU v. UNITED STATES.

(Circuit Court of Appeals, Second Circuit. May 12, 1915.)

No. 267.

1. ALIENS ⊜⟹32—DEPORTATION PROCEEDINGS—BURDEN OF PROOF.

In a proceeding to deport a Chinese laborer, who claimed that he procured the certificate required by Chinese Exclusion Act May 5, 1892, c. 60, § 6, 27 Stat. 25, as amended by Act Nov. 3, 1893, c. 14, § 1, 28 Stat. 7 (Comp. St. 1913, § 4320), but that it was subsequently lost, the burden of proving that he was given the statutory certificate was on him.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊜⟹32.

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

2. ALIENS ⊜⟹32—DEPORTATION PROCEEDINGS—REVIEW—QUESTIONS OF FACT.

In a proceeding to deport a Chinese laborer, he claimed that he procured the certificate required by the Chinese Exclusion Act, but that he lost it in San Francisco at the time of the earthquake. He testified that he went to the proper place to get the certificate wih one witness only, and that witness testified that he did not sign the application, as the statute requires. Defendant's testimony showed that he had an opportunity to take his certificate out of his trunk before the house containing it was burned. He had made no effort to obtain a duplicate, and a search of the records of the revenue district in which he claimed the certificate was issued failed to show any record of such a certificate. Held, that the findings of the United States commissioner and the District Judge, adverse to defendant on the question of fact involved, will not be disturbed.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. §§ 84, 92–95; Dec. Dig. ⊜⟹32.]

Appeal from the District Court of the United States for the Southern District of New York.

This cause comes here upon appeal from an order affirming an order of a United States commissioner directing the deportation to China of the defendant, a Chinese person and a laborer, who was found to be unlawfully within the United States without the certificate required by the Chinese Exclusion Act of May 5, 1892, as amended by Act Nov. 3, 1893.

James A. Donegan, of New York City, for appellant.

H. Snowden Marshall, U. S. Atty., and Frank Morse Roosa, Asst. U. S. Atty., both of New York City, for the United States.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

LACOMBE, Circuit Judge. Defendant does not dispute the proposition that he is a person who should have taken out a certificate un-

⊜⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

der the act. His story is that he was born in China and landed in San Francisco when he was 10 or 11 years old; that he lived there 10 years, went to Wyoming, where he stayed 2 years, and then returned to San Francisco; that, in that city, in the spring of 1894, when about 25 years of age, he procured the statutory certificate, which he claims was lost at the time of the earthquake and fire in 1906. He subsequently came to New York.

[1, 2] The only question here is one of fact: Was defendant given a statutory certificate in 1894? The burden of proving the affirmative is on him. Inasmuch as both the United States commissioner and the District Judge have decided this question adversely to him, this court, under the authorities, should not disturb that finding of fact. It may be noted, however, that defendant testified that he went to the proper place to get his certificate with one witness (naming him), and one witness only. This witness, Li Wing, testified that he went there with defendant, but did not sign the latter's application. The statute required signature, both by the applicant and his witness. Defendant's narrative of the fire, which did not reach Chinatown until two days after the earthquake, would seem to indicate that he had opportunity to take his certificate out of the trunk in which he kept it before the house containing it was burned. Certainly he, like other Chinese persons, must have appreciated the importance of a certificate, but he made no effort to obtain a duplicate down to the time of his arrest.

The act (section 6) provides that in the case of loss or destruction of the certificate judgment of deportation shall be suspended a reasonable time to enable the Chinaman to procure a duplicate from the officer granting it. By Act June 6, 1900, c. 791, 31 Stat. 611, the administration of the Exclusion Laws was transferred from the collectors of internal revenue to the Commissioner General of Immigration. The rules governing the admission of Chinese persons thereafter provided that applications for duplicate certificates should be made to the Commissioner General at Washington.

Upon the passage of the act of 1900 all internal revenue collectors were required to send their records to Washington. This they did generally. The records from some revenue districts are missing; but those from the district in which defendant says he was living in 1894, several thousand recorded certificates, are now in the Chinese Immigration Bureau in Washington. After the decision of the United States commissioner, deportation was suspended and counsel for defendant, with counsel for the government, have together searched these records thoroughly for any record of certificate and photograph, under the name Lau Lau, Lau Wing, and any others which were similar in sound. They failed to find any record of defendant's having received a statutory certificate.

The order of deportation is affirmed.